

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL, <br><br> Plaintiffs, <br><br> vs. <br><br> LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendants. | CV 16–35–M–DWM <br><br> ORDER |

Plaintiffs Alliance for the Wild Rockies and Native Ecosystems Council (collectively "Alliance") seek declaratory and injunctive relief against Defendants Leanne Marten, Regional Forester of Region One of the United States Forest Service, and the United States Forest Service (collectively "the Forest Service") on the grounds that the Forest Service failed to comply with environmental and regulatory procedures when it approved the Moosehorn Ditch Timber Sale ("Timber Sale"). Alliance seeks a preliminary injunction preventing further activity related to the Timber Sale, which may re-commence as soon as August 1, 2016. (Doc. 16.) That motion is granted.

1

A preliminary injunction is an extraordinary remedy never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20. "'Serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as" the remaining *Winter* elements are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (applying the "serious questions" test post-*Winter*). Alliance has made such a showing here.

The actual and irreparable injury Alliance articulates satisfies the *Winter* test. Alliance shows irreparable harm in that its members' use and enjoyment of the area would be permanently disturbed by further activity, (*see* Johnson Decl., Doc. 17-17 at ¶ 9), despite the fact that the area remaining to be logged is only a discrete portion of the project area, *Cottrell*, 632 F.3d at 1135 (rejecting the argument that "a plaintiff can never suffer irreparable injury resulting from environmental harm in a forest area so long as there are other areas of the forest that are not harmed"). The balance of equities tips in favor of Alliance because it

2

faces permanent damage if logging activity were to proceed and the Forest Service faces only delay. *League of Wilderness Defenders v. Connaughton*, 752 F.3d 755, 765 (9th Cir. 2014); *Cottrell*, 632 F.3d at 1135. While mitigating the imminent risk of forest fires and insect infestation is a valid public interest, *Connaughton*, 752 F.3d at 766, there is no indication of an imminent threat here. Without evidence of an imminent threat it would be difficult to say that the inability to mitigate such risks for a temporary period outweighs the public's interest in maintaining the environment and requiring that agencies follow proper procedures. *Sierra Club v. Bosworth*, 510 F.3d 1016, 1033 (9th Cir. 2007); *Native Ecosystems Council v. U.S. Forest Serv.*, 866 F. Supp. 2d 1209, 1234 (D. Idaho 2012).

Finally, Alliance raises serious questions on the merits as to whether or not, and to what extent, the Forest Service was required to perform analysis pursuant to both NFMA and NEPA. The Forest Service argues that the logging activity falls entirely within the bounds of the Jack Hirschy Livestock, Inc.'s ("Hirschy") vested right-of-way under 43 U.S.C. § 661, and, as a result, it was neither required to perform any NEPA analysis nor consider the Revised Forest Plan to the extent it may limit that pre-existing right. As argued by Alliance, however, Hirschy's vested right is subject to reasonable regulation by the Forest Service, *Adams v.*

*United States*, 3 F.3d 1254, 1260 (9th Cir. 1993) (quiet title action holding vested water rights under § 661 remain subject to reasonable regulation); *Grindstone Butte Project v. Kleppe*, 638 F.2d 100, 103 (9th Cir. 1981) (holding environmental regulations can be imposed upon rights-of-way granted under similar 1891 Act, specifically addressing NEPA); *Hyrup v. Kleppe*, 406 F. Supp. 214, 217 (D. Colo. 1976) (recognizing that a right-of-way under § 661 is subject to regulation to protect the public interest, which may include "such reasonable conditions and limitations as may be necessary for the protection of the environment"), and the Forest Service must show it complied with the Revised Forest Plan, *Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d 953, 965 (9th Cir. 2005) ("Because the record does not include a basis for the Forest Service's conclusion that the project will not violate [that] Plan's . . . standard, the agency's approval of the project was arbitrary and capricious in violation of NFMA.").

Hirschy's unregulated ability to act in this case is limited to activities that qualify as "ditch maintenance." *See* 36 C.F.R. § 251.50(e)(3) (allowing right-of-way holders to perform ditch maintenance without a special use permit); *Mussellshell Ranch Co. v. Seidel-Joukova*, 261 P.3d 570, 573-75 (Mont. 2011) (discussing the parameters of ditch maintenance under Montana law). In reviewing the parties' arguments, the outcome of this case will likely turn on the

4

definition of "ditch maintenance" and whether the Forest Service acted arbitrarily and capriciously in determining that the logging activity provided for in the Timber Sale fell within that definition. Alliance raises serious questions on the merits as to both issues.

The parties' arguments and briefing also raise an additional matter, however, which is the role Hirschy plays, or should play, in this litigation. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, a person is a required party if "complete relief" cannot be accorded in his absence or the person claims an interest in the action and "is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). Pursuant to this standard, Hirschy will be joined in the case. *See Gonzalez v. Metro. Transp. Auth.*, 174 F.3d 1016, 1019 (9th Cir. 1999) ("Whether a party is necessary and indispensable is a pragmatic and equitable judgment, not a jurisdictional one."). Serious questions have been raised as to the scope of Hirschy's right to maintain its ditch right-of-way, and a potential resolution to those questions could be harmful to Hirschy's interest or prevent further litigation of those rights in the future. *See E.E.O.C. v. Peabody W. Coal*

*Co.*, 400 F.3d 774, 783 (9th Cir. 2005) (allowing for a party to be joined under Rule 19 against which the plaintiff does not or cannot state a cause of action); *Nat'l Wildlife Fedn. v. Espy*, 45 F.3d 1337, 1344-45 (9th Cir. 1995) (holding that private parties could be named as defendants along with federal agencies in suit brought under the Administrative Procedures Act to enforce rights conferred by NEPA); *see, e.g., Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1156-57 (9th Cir. 2002) (action to set aside lease or contract threatens non-party's interest in lease thereby raising Rule 19(a)(2)); *c.f. Hage v. United States*, 51 Fed. Cl. 570, 585-86 (Fed. Cl. 2002) (citing 43 U.S.C. § 661) (approving a 50-foot right-of-way for ditch maintenance in a civil takings case against the Federal government). Hirschy "is a party against which relief has not formally been sought but is so situated that effectiveness of relief for the present parties will be impaired if it is not joined." *Peabody W. Coal Co.*, 400 F.3d at 783-84. Additionally, joinder is feasible. *See* Fed. R. Civ. P. 19(a).

Accordingly, IT IS ORDERED that Jack Hirschy Livestock, Inc. is JOINED pursuant to Rule 19 as a defendant in this case. Alliance is required to serve the Amended Complaint (Doc. 18) and a copy of this Order on Hirschy on or before August 5, 2016.

IT IS FURTHER ORDERED that Alliance's motion for a preliminary

injunction (Doc. 16) is GRANTED. Further activity under the Timber Sale is stayed pending the outcome of this litigation.

Dated this 29th day of July, 2016.

*14:22 P.M*

Donald W. Molloy, District Judge
United States District Court