IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, and NATIVE ECOSYSTEMS COUNCIL, Plaintiffs, vs. LEANNE MARTEN, Regional Forester of Region One of the U.S. Forest Service; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and JACK HIRSCHY LIVESTOCK, INC. Defendants. | CV 16–35–M–DWM OPINION and ORDER |

Plaintiffs Alliance for the Wild Rockies and Native Ecosystems Council (collectively "Alliance") request declaratory and injunctive relief on the grounds that the defendants (collectively "the Forest Service") failed to comply with environmental regulatory procedures when they approved the Moosehorn Ditch Timber Sale ("Timber Sale"). On September 30, 2016, Alliance's request to supplement the administrative record, for judicial notice, and for leave to seek limited discovery, (Doc. 19), was granted-in-part and denied-in-part, (Doc. 49). The Court's reasoning for that decision is outlined below.

1

I.      **Motion to Supplement**

Alliance seeks to supplement the record with seventeen documents it contends are relevant to whether the Forest Service should have conducted analysis under the National Environmental Policy Act ("NEPA"). The admission of the three documents is not contested, including Exhibit 10 (Lynx Direction), Exhibit 14 (Timber Sale area map), and Exhibit 15 (Revised Forest Plan). Alliance's motion to supplement is therefore granted as to those three exhibits. The Forest Service opposes Alliance's motion as to the fourteen remaining documents, insisting they were not part of the administrative process and were not considered by the agency in making its decision.

Section 706(1) allows courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A claim under Section 706(1) can proceed "where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis omitted). In reviewing failure-to-act cases, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The "whole record" language refers to the administrative record. *Seattle Audubon Soc'y v. Norton,* 2006 WL 1518895, at *3 (W.D. Wash. May 25, 2006) (citing Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)). While there is a

presumption that the agency properly designated its record absent clear evidence to the contrary, *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739-40 (10th Cir. 1993), the Ninth Circuit has held that the "whole administrative record" is "not necessarily those documents that the agency has compiled and submitted as the administrative record" but also includes "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position," *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal quotation marks and emphasis omitted). The Ninth Circuit also allows a broader temporal consideration of what comprises the administrative record in failure-to-act cases. *Independence Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997); *S. F. Baykeeper v. Whitman,* 297 F.3d 877, 887 (9th Cir. 2002) (noting no final agency action to demarcate the limits of the record).

Failure-to-act claims, however, "are not manifestations of a precedential preference for unlimited discovery." *Seattle Audubon Soc'y* , 2006 WL 1518895, at *3. Rather, the Administrative Procedure Act limits courts to considering the documents the agency considered directly or indirectly that fall under a record review exception, merely allowing courts to go beyond the point at which the agency considered the record closed. As explained in *Sierra Club v. McLerran*:

> It is one thing for a court to allow supplementation of the administrative record in a case where there has been alleged agency inaction—it is another to allow the plaintiff the full arsenal of discovery proceedings under the Federal Rules of Civil Procedure. Courts must strike the proper balance between adequate judicial review and respect for agency decisions and process.

2012 WL 5449681, at *4 (W.D. Wash. Nov. 6, 2012) (instructing the plaintiff to first pursue supplementation with the agency). Accordingly, a court may inquire outside the record in the following "four narrowly construed circumstances":

> a. when necessary to explain the agency's action;
> b. when it appears that the agency decision-maker relied on materials or documents the agency did not include in its administrative record;
> c. when necessary to explain technical terms or complex subject matter involved in the agency action; or
> d. when the plaintiff makes a "strong showing of bad faith or improper behavior."

*Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988), *as amended by* 867 F.2d 1244 (9th Cir. 1989); *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010). The first, second, and fourth exceptions are relevant here.

### A. The First Exception

The "broadest exception" to the general rule "is one which permits expansion of the record when necessary to explain agency action." *Public Power Council v. Johnson*, 674 F.2d 791, 793 (9th Cir. 1982). The court's inquiry

4

outside the record is limited to determining whether the agency "has considered all relevant factors" or has "fully explicated its course of conduct or grounds of decision." *Friends of the Earth v. Hintz,* 800 F.2d 822, 829 (9th Cir. 1986). Applying this exception here, admission as to Exhibits 1, 3, 4, and 5 is denied. The Forest Service concedes that it did not perform any NEPA analysis and the FOIA requests and responses included in Exhibits 1, 3, 4, and 5 provide no further information on this point.

Exhibits 2, 6, 7, 8, & 9 are admitted, however. Exhibit 2 elicits strong questions as to whether the agency considered the scope of the clearcutting in relation to allowable cutting for routine maintenance. Although the Forest Service could not have considered the photos themselves because they were taken by Native Ecosystem Council after the clearcutting was almost completed, it may be necessary to explain the agency's actions. Similarly, Exhibits 6, 7, and 8 are relevant to whether the agency adequately investigated or explained its decision not to conduct NEPA analysis. Exhibit 9 is an internal email regarding the implementation of the Project.

**B.     The Third Exception**

The third exception allows supplementation of the record when "necessary to explain technical terms or complex subject matter involved in the agency

5

action." *Animal Defense Council*, 804 F.2d at 1436. As a general rule, a court must defer to the agency on matters within its expertise. *See Natural Resource Defense Council v. Kempthorne*, 506 F. Supp. 2d 322, 348 (E.D. Cal 2007). However, "[t]he deference accorded an agency's scientific or technical expertise is not unlimited" and "is not owed when the agency has completely failed to address some factor consideration of which was essential to [making an] informed decision." *Nat'l Wildlife Fed. v. Nat'l Marine Fisheries Serv.,* 422 F.3d 782, 798 (9th Cir. 2005). Alliance contends that Exhibits 11, 12, 13, and 16 are scientific papers that should be considered to explain technical terms or complex subject matter. Alliance fails to identify any specific term or subject matter for which these documents are necessary for reviewing the agency's action. The admission of Exhibits 11, 12, 13, and 16 is denied.

### C. The Fourth Exception

Under the fourth exception, Alliance must make a "strong showing of bad faith or improper behavior before the court may inquire into the thought processes of administrative decisionmakers." *Animal Defense Council*, 840 F.2d at 1436 (citing Public Power Council, 674 F.2d at 795). Because Exhibit 2 is properly admitted under the first exception, only Exhibit 17 is relevant to Alliance's bad faith argument. Because Exhibit 17 merely indicates that certain documents do

6

not exist, and not that the agency acted in bad faith, the requisite "strong showing" has not been made; its admission is denied.

## II. Judicial Notice

Federal Rule of Evidence 201 states: "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This applies to adjudicative facts only. *See* Fed. R. Evid 201(a). "Extreme caution should be used in taking of adjudicative facts" because the "taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of adjudicative facts." *Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981). And, "a party cannot circumvent the rules governing record supplementation by asking for judicial notice rather than supplementation." *Native Ecosys. Council v. Weldon*, 848 F. Supp. 2d 1207, 1228 (D. Mont. 2012) *vacated as moot*, 2012 WL 5986475 (D. Mont. 2012).

Here, the contested exhibits do not constitute anything that the agency would routinely consider in deciding whether NEPA analysis is necessary and both the facts and their sources may be disputed. The Forest Service does not object, however, to judicial notice of Exhibit 14, because "official government maps are generally an acceptable source for taking judicial notice." (Doc. 37

7

(citing *United States v. Burch*, 169 F.3d 666, 672 (10th Cir. 1999). Further, Exhibits 10 (USFS Record of Decision—Northern Rockies Lynx Management Direction) and 15 (Beaverhead-Deerlodge Revised Forest Plan) may be judicially noticed as both parties have agreed on supplementation and qualify as documents that the Forest Service routinely considers in its decisions. Judicial notice is granted as to Exhibits 10, 14, and 15 and denied in all other respects.

### III. Motion for Leave to Seek Limited Discovery

"Jury trials and *civil* discovery *are not permitted in APA proceedings*," 42 C.F.R. § 137.309 (emphasis added), unless the plaintiff makes a strong showing of bad faith or improper behavior, *see NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006). "[I]n the absence of clear evidence to the contrary, courts presume that [government agents] have properly discharged their official duties." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (citing *United States v. Armstrong,* 517 U.S. 456, 464 (1996)). Here, Alliance argues discovery is the only reasonable means for determining whether the agency is implementing other similar timber sales in violation of NEPA. The Forest Service argues that Alliance failed to show that the Forest Service conducted various secret logging operations, and that Alliance's claims are conclusory and speculative. The mere suggestion of other violations of NEPA

does not amount to a strong showing of bad faith or improper behavior as to justify discovery. Alliance's motion to allow discovery is denied.

## Conclusion

Accordingly, IT IS ORDERED that Alliance's motion to supplement is GRANTED as to Exhibits 2, 6, 7, 8, 9, 10, 14, & 15 and DENIED in all other respects.

IT IS FURTHER ORDERED that Alliance's motion for judicial notice is GRANTED as to Exhibits 10, 14 & 15 and DENIED in all other respects.

IT IS FURTHER ORDERED that Alliance's request for limited discovery is DENIED.

Dated this 3rd day of October, 2016.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT